IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAUN WILKINS and ROY BUCHNER,

    Plaintiffs,

v.                                                 Civ. No. 02-0980 JH/RLP

DETECTIVE JUAN DE REYES,
Albuquerque Police Department, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant de Reyes Motion to Dismiss for Failure to Provide Discovery.[1]  For the reasons set forth below, the court denies the motion.

The Federal Rules of Civil Procedure provide an economical set of guidelines for discovery by parties.  Federal Rule 26(f) requires parties to "meet and confer" prior to the pretrial scheduling conference concerning anticipated discovery. To ease discovery later, initial disclosures are made concerning documents, witnesses, and the like.  In general, Fed.R.Civ.P. 26(b)(1) permits discovery of any matter unless it is privileged or immune.

Rule 33 allows interrogatories to be served on parties.  The party's answers must be answered fully and without evasion unless objected to.  The answers are signed by the party; the objections are signed by counsel.

Rule 34 allows requests for production of tangible items.  Depending upon the number of tangible items, the served party may just copy and produce them; or, may make

---

[1] Defendant de Reyes Motion was joined in by the other defendants to this action.



such items available for inspection and copying at his or her office. This implies that the responsive documents will be designated by the served party as responsive to the request for production.

A few general applicable rules. It is improper to respond to an interrogatory by generally referring a party to a deposition or document or tangible item where the information may be found. It is improper to object to production of documents by asserting a blanket privilege or work product immunity. In this circuit, a privilege log must be produced in lieu of withheld documents and that log must provide: the date, the author(s), the recipient(s), a brief discussion of the contents, and the nature of the privilege claimed. Throughout the case, all parties are required to supplement information as it becomes available.

From the parties' submissions, it is impossible to tell what, if any, breaches of the discovery rules have occurred. Each side appears to be entrenched in his or her reading of the rules, without actually accommodating one another in discovery.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant de Reyes' Motion to Dismiss [Doc. 72] is denied.

IT IS SO ORDERED.

_____
Judith C. Herrera
United States District Judge

2