IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHAUN WILKINS and ROY BUCHNER,**

      **Plaintiffs,**

**vs.**                                                               **CIV. No. 02-980 JH/RLP**

**DETECTIVE JUAN DE REYES, Albuquerque Police Dept.; AGENT FRANK JACOBY, New Mexico Dept. of Public Safety; SARGENT MICHAEL FENNER, New Mexico Dept. of Public Safety,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Juan De Reyes' *Motion for Partial Summary Judgment on Fourth Amendment Claim of Arrest Without Probable Cause,* filed April 22, 2003 (*Doc. 34*).[1] Having reviewed the motion, memoranda, and all relevant authorities, the Court being fully advised finds the motion not well-taken, and it is, therefore, denied.

**I.**    *Background*

This civil case stems from actions that allegedly occurred during the arrest and subsequent prosecution of Plaintiffs Shaun Wilkins and Roy Buchner for the 1995 murders of two adults and two children at a cabin in Torreon, New Mexico. Besides Wilkins and Buchner, the State charged two other men for the murders. Plaintiffs were charged and the Torrance County Magistrate Court

---

[1] Defendants Frank Jacoby and Michael Fenner adopt by reference Defendant DeReyes' motion. *Adoption by Reference by Defendants Frank Jacoby and Michael Fenner of Defendant Juan De*Reyes' *Motion for Partial Summary Judgment on Fourth Amendment Claim of Arrest Without Probable Cause,* filed May 6, 2003 (*Doc. 40*).

conducted preliminary hearings. At the preliminary hearings and prior to both trials, the court denied Wilkins' and Buchner's motions to exclude statements that Lawrence Nieto gave to Defendants during his interrogation. After the preliminary hearings the court found probable cause existed and bound plaintiffs over for trial. Wilkins and Buchner had separate trials, each resulting in a hung jury with the courts declaring mistrials. Prior to the re-trials, Plaintiffs renewed their motions to exclude Nieto's statements, and both courts granted the motions. The State appealed, and the Court of Appeals remanded to determine the admissibility of individual portions of Nieto's statements. Upon remand, the trial courts excluded all of Nieto's testimony. Thereafter, the State dismissed without prejudice the charges against Wilkins and Buchner.

Plaintiffs now bring three claims under 28 U.S.C. § 1983. The claims include: (1) Denial of Due Process; (2) Malicious Abuse of Process--Fourth Amendment Claim; and (3) Conspiracy to Violate Civil Rights. Defendant De Reyes' *Motion for Partial Summary Judgment on Fourth Amendment Claim of Arrest Without Probable Cause,* filed April 22, 2003 (*Doc. 34*) asserts that due to the state court's determination of probable cause to arrest Wilkins and Buchner, Plaintiffs now may not bring a § 1983 claim of arrest without probable cause. Defendant bases his defense on the doctrine of collateral estoppel. Plaintiffs claim that issue preclusion is not appropriate, as they were unable to put on a proper defense at the initial probable cause hearing due to Defendants' coercion of testimony from Nieto, and that such coercive interrogation thus resulted in a probable cause determination for the State, and against the plaintiffs.

**II.     *Standard of Review***

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter

of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

### III.   *Discussion*

Defendant Juan De Reyes asserts that Plaintiffs' claim of arrest without probable cause should be dismissed pursuant to the doctrine of collateral estoppel. Defendant argues that the magistrate court in the preliminary hearing on probable cause conclusively determined the issue, and that Plaintiffs are estopped from relitigating the issue again in the civil proceeding. Plaintiffs argue that

they are not precluded from litigating the issue of probable cause, as it was not necessarily determined nor did they have a full and fair opportunity to litigate in the criminal proceedings. Specifically, Plaintiffs contend that prior to the trial courts' rehearings on remand, Buchner's attorney discovered that the State had withheld a videotape of a police interview of Nieto that contained police coercion, persuasion and promises for accusing Wilkins and Buchner of the murders. Plaintiffs argue that due to the State's withholding, they did not have a full and fair opportunity to litigate the issue of probable cause at the preliminary hearing.

Under 28 U.S.C. § 1738, federal courts are required to give the same full faith and credit to state court proceedings "as they have by law or usage in the courts of such State...from which they are taken." § 1738; *Bell v. Dillard Dept. Stores, Inc.,* 85 F.3d 1451, 1453 (10th Cir. 1996) (quoting *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466 (1982)). In *Allen v. McCurry*, 499 U.S. 90, 96 (1980), the Supreme Court held that in a 28 U.S.C. § 1983 action, a federal court must give preclusive effect to a state court judgment to the same extent a state court would. Since the preclusive effect of a state court judgment is governed by that state's law, *Thournir v. Meyer*, 803 F.2d 1093, 1094 (10th Cir. 1986), this Court must look to New Mexico law to determine whether a probable cause finding in a criminal proceeding collaterally estops Plaintiffs from contesting that finding in a subsequent civil case.

The doctrine of collateral estoppel denies parties the ability to relitigate "ultimate facts or issues that have been actually and necessarily decided in a previous suit." *Fourteen Thousand Six Hundred Thirty Nine Dollars v. Martinez*, 120 N.M. 408, 414 (N.M. Ct. App. 1995) (quoting *State v. Bishop*, 113 N.M. 732, 734 (Ct. App. 1992)). In order for a movant to obtain the preclusive effect of the doctrine, he must demonstrate four elements: (1) the parties are the same or in privity with the

parties in the original action; (2) the subject matter or cause of action in the two suits is different; (3) the ultimate facts or issues were actually litigated; and (4) the issues were necessarily determined. *Reeves v. Wimberly*, 107 N.M. 23, 233 (Ct. App. 1988). Upon a movant's successful demonstration of these elements, the court must then determine "whether the non-moving party 'had a full and fair opportunity to litigate the issue in the prior litigation.'" *Rex, Inc. v. Manufactured Housing Committee*, 119 N.M. 500, 504 (1995) (quoting *Shovelin v. Central New Mexico Elec. Coop., Inc.*, 115 N.M. 293, 297 (1993)). The Court finds that Defendant DeReyes' motion has not met the requisite elements necessary for a finding that Plaintiffs' claim of arrest without probable cause should be precluded from the current litigation based upon the doctrine of collateral estoppel.

### A. The Parties are the Same or in Privity

In the seminal case of *Silva v. State,* 106 N.M. 472, 475 (1987), the New Mexico Supreme Court overturned the requirement that in order to preclude the relitigation of an issue both parties in the subsequent action must have been parties to or in privity with a party to the previous litigation. As a result, only the party against whom collateral estoppel is being applied must have been a party to the earlier suit or in privity therewith. *Id.* The movant need not have been a party, or in privity with a party, to the previous action. *Id.* In the present case, Plaintiffs were parties in the previous criminal litigation, and this element is present.

### B. The Cause of Action in This Suit is Different from the Previous Litigation

Traditionally, New Mexico courts have recognized the preclusive effect of collateral estoppel between a criminal to a civil proceeding. *Martinez*, 120 N.M. at 415. The civil action presently before the court is different from the criminal proceeding from which this suit arises. Defendant's motion, therefore, meet this element.

### C.      Although the Ultimate Facts and Issues Were Actually Litigated and Necessarily Determined, Plaintiffs Did Not Have a Full and Fair Opportunity to Litigate

Plaintiffs do not contest that there was a preliminary hearing at which the judge determined there was probable cause to bind them over for trial for the murders at the cabin. Instead, they argue that at the time of the preliminary hearing they did not have sufficient information to properly argue their case. Citing several cases, Plaintiffs argue that the issue was not actually litigated and therefore not determined, as they were not given the opportunity (due to the State's withholding of evidence) to challenge the integrity of the evidence, only its sufficiency. *See e.g., Bailey v. Andrews,* 811 F.2d 366, 369-70 (7th Cir. 1987) (no collateral estoppel where probable cause determination was made at a criminal penalty hearing designed to evaluate the sufficiency, but not the integrity, of the evidence); *Whitley v. Seibel*, 676 F.2d 245, 249 (7th Cir. 1982)(defendant not collaterally estopped from bringing a § 1983 action contesting the integrity of the evidence that the government presented at the probable cause hearing, as defendant "did not seek to relitigate the probable cause finding, but charged that the arresting officer's bad faith vitiated the finding").

Having found a paucity of New Mexico law regarding whether a probable cause determination in a criminal proceeding collaterally estops a subsequent civil case concerning the same issue, the Court deems it necessary to look beyond New Mexico's borders. In *Hubbert v. City of Moore*, 923 F.2d 769 (10th Cir. 1991), the Tenth Circuit reviewed a parallel case concerning Oklahoma law.[2] As

---

[2] The Court notes that the requirements for collateral estoppel in Oklahoma are substantially the same under New Mexico law. *Compare Hubbert v. City of Moore*, 923 F.2d 769 (10th Cir. 1991) with *Reeves*, 107 N.M. at 23. The Court further notes that, although the requirements are similar, New Mexico and Oklahoma differ on the definition of privity. *Compare Silva*, 106 N.M. at 475 with *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1106-07 (10th Cir. 1998). This difference, however, does not impact the discussion concerning "actually litigated and necessarily determined" and "full and fair opportunity to litigate," as New Mexico has not developed its case law concerning these elements in the context before the Court.

the opinion recites the history, police arrested Hubbert for assault with a dangerous weapon. At the preliminary hearing, after receiving testimony from the officers who arrested Hubbert, the judge determined there was probable cause for the arrest, and Hubbert was bound over for trial. After testimony from both sides, the jury acquitted Hubbert. Hubbert subsequently filed a § 1983 action asserting that her arrest was without probable cause.

The defendants argued in a motion for summary judgment that the question of probable cause had been conclusively decided at the probable cause hearing, and thus no genuine issue of material fact existed for the district court to determine. The district court denied the motion, and defendants appealed. In reversing the district court, the Tenth Circuit looked to a recent Oklahoma case that found that the question of probable cause is precluded when a plaintiff had a full and fair opportunity to litigate the issue at the preliminary hearing. *Id.* at 773. "[A] finding of probable cause was not only necessary to bind plaintiff over for trial, but a requirement which must be met by affirmative evidence." *Id.* (quoting *Adamson v. Dayton Hudson Corp.,* 774 P.2d 478, 480 (Okla. App. 1989)). The Tenth Circuit thus held that "the question of probable cause is conclusively determined at a preliminary hearing when the parties have had a full and fair opportunity to litigate that issue." *Hubbert*, 923 F.2d at 773.

Borrowing from *Hubbert*'s analysis, the first question is whether the issue of probable cause was actually litigated and necessarily determined, and second whether Plaintiffs were afforded a full and fair opportunity to litigate the issue. The Court finds that by the very nature of a finding of probable cause at the preliminary hearing, the issue was actually litigated and necessarily determined. "But even if the issue of probable cause in a malicious prosecution action had been present, the fact that upon the preliminary hearing plaintiff was bound over for trial in the district court showed

probable cause." *See Adamson*, 774 P.2d at 480 (quoting *James v. Southwestern Ins. Co.,* 354 P.2d 408, 412 (Okla. 1960)).

The final question is whether Plaintiffs had a full and fair opportunity to litigate the issue at the preliminary hearing. Unlike *Hubbert*, in which the court determined from the record that the plaintiff had sufficient opportunity to present and review evidence and cross-examine witnesses, 923 F.2d at 773, Defendants in this case fail to provide evidentiary support for their proposition that Plaintiffs had a full and fair opportunity to litigate at the preliminary hearing. It is well-settled that a federal court cannot assume what occurred in a state court proceeding. 18 James Wm. Moore et al., Moore's Federal Practice §132.03[3][d]**.**

**IV.**   *Conclusion*

The Court finds that Defendants meet the initial elements of collateral estoppel, they have failed to meet their prima facie burden to demonstrate that the state court's finding of probable cause should be granted preclusive effect.

IT IS THEREFORE ORDERED that Defendant Juan De Reyes' *Motion for Partial Summary Judgment on Fourth Amendment Claim of Arrest Without Probable Cause,* filed April 22, 2003 (*Doc. 34*) is DENIED.

_____
UNITED STATES DISTRICT JUDGE