IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


SHAUN WILKINS and ROY BUCHNER,

          **Plaintiffs,**

vs.                                                  Civ. No.  02-980 JH/RLP

**DETECTIVE JUAN DeREYES, et al.,**

          **Defendants.**


## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is the *Motion in Limine to Exclude Plaintiffs From Arguing That Shawn Popeleski Was Coerced to Implicate Them in the Torreon Cabin Murders* [Doc. No. 369], filed by Defendants Jacoby and Fenner, and joined by Defendant DeReyes.  Defendants move to exclude argument and evidence in support of Plaintiffs' claim that Defendants coerced Popeleski's statements implicating them in the Torreon cabin murders.  The basis of their argument is that Plaintiffs should be judicially estopped from making this argument because in their underlying criminal trials, they argued to the jury not that Popeleski was coerced, but rather that Popeleski was the true murderer and that he lied to deflect blame from himself.

As the Supreme Court explained in *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808 (2001), the doctrine of judicial estoppel typically applies when, among other things, a "party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id*. at 750, 121 S.Ct. 1808 (internal quotation marks omitted).  The Tenth Circuit has said that in considering whether to apply the doctrine of judicial estoppel, courts

typically consider three factors:

> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (quotations, citations, and alterations omitted).

Turning to the second factor described in *Eastman*, the question is whether Plaintiffs succeeded in persuading the court (in this case, the state trial courts that tried their criminal cases) to accept their earlier position that Popeleski was the murderer, and he intentionally implicated them in order to save himself. The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). According to Defendants, the fact that neither jury was able to reach a verdict demonstrates that Plaintiffs persuaded those juries, or at least some of their members, that Popeleski was the true murderer. Thus, the Defendants argue that the second *Eastman* factor has been satisfied. Defendants' argument is unpersuasive. First, it is undisputed that both Plaintiffs' trials were long and complex. Many witnesses were called and Plaintiffs made many arguments in support of acquittal. There simply is no way to know what arguments the jurors at those trials might have found persuasive. For example, it is possible that each jury hung not because they believed Popeleski lied, but because some members of the jury simply believed that other gaps in the evidence created reasonable doubt. There are many reasons why the jury may have hung, and there is no way to know whether Plaintiffs' prior position regarding Popeleski was one that the jury found persuasive or not. Second, even assuming that some jurors agreed with Plaintiffs that

Popeleski was the true murderer who lied to save himself, the fact that the jury was hung indicates that at least some jurors were not persuaded by this argument. With the jury split in this fashion, this Court cannot conclude as a matter of law that Plaintiffs persuaded either state district court, or either jury, of anything. Finally, Defendants cite no authority for their position that a hung jury satisfies this element of the judicial estoppel doctrine.[1] *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005) is distinguishable because there the parties to be estopped had entered pleas in their criminal cases, which the trial court accepted. Later, those parties took a position in their civil case that was inconsistent with their prior pleas. Thus, unlike the hung juries here, which were apparently so split that they were unable of reaching any conclusions whatsoever, there can be no doubt that the criminal court that accepted the pleas in *Johnson* had been misled by accepting the defendants' representations that they were guilty of the underlying crimes. *Scarano v. Central Rail Co. of New Jersey*, 203 F.2d 510 (3d Cir. 1953) also does not address the question of whether a hung jury has been persuaded of a party's prior position to the extent that one could conclude that the court has been misled.

Under the third *Eastman* factor, the Defendants must demonstrate that unless estopped from arguing that Popeleski was coerced, Plaintiffs would have an unfair advantage in this litigation. Defendants contend that by changing their position, Plaintiffs are reversing themselves on an issue that goes to the very heart of their malicious prosecution claim, thereby deriving an unfair

---

[1] Curiously, Defendants argue that "[a]s evidenced by the nolle prosequis, members of both juries found reasonable doubt as to Plaintiffs' guilt." Doc. No. 398 at 3. The Court cannot understand this argument. The hung juries reflects the fact that some members believed that Wilkins and Buchner were guilty beyond a reasonable doubt, while other members concluded that reasonable doubt existed. On the other hand, the nolle prosequis, which were filed after the two juries hung resulting in mistrials, do not bear on the thinking of those juries whatsoever; they merely reflect the prosecutors' decision that they did not have sufficient evidence to continue to prosecute Wilkins and Buchner for the underlying crimes.

3

advantage. However, it appears that an unfair advantage, if any, could be cured at trial by allowing the Defendants to present evidence that Plaintiffs espoused a different theory about Popeleski at their prior criminal trials. In that sense, Plaintiffs could be "impeached" by the arguments made by their criminal lawyers.

Having concluded that the second and third *Eastman* factors are not satisfied, the Court declines to apply the doctrine of judicial estoppel. Consequently, Defendants' motion will be denied.

**IT IS THEREFORE ORDERED** that the *Motion in Limine to Exclude Plaintiffs From Arguing That Shawn Popeleski Was Coerced to Implicate Them in the Torreon Cabin Murders* [Doc. No. 369] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**