**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**SHAUN WILKINS and ROY BUCHNER,**

    **Plaintiffs,**

**vs.**                   **Civ. No.  02-980 JH/RLP**

**DETECTIVE JUAN DeREYES, et al.,**

    **Defendants.**


**MEMORANDUM OPINION AND ORDER**

   This case is set for jury selection and trial beginning October 18, 2010.  Originally filed in August of 2002, the case has been pending for over eight years.  The parties have filed, briefed and argued numerous motions, including motions for summary judgment and motions in limine.  Further, Defendants appealed this Court's ruling on qualified immunity to the Court of Appeals for the Tenth Circuit.  That court issued a limited remand to this Court in order to address the issue of the statute of limitations, and this Court did so.  Subsequently, the Tenth Circuit affirmed this Court on the issue of qualified immunity.  That resulted in additional motion practice by the parties, including a renewed motion for summary judgment by the Defendants, as well as a trial setting for February of 2010.  However, in January of 2010 the Court granted Plaintiffs' motion to vacate the February trial in order to allow them to obtain a competency evaluation for Plaintiff Shaun Wilkins.  The Court then reset this case for trial on October 18, 2010.

   As the foregoing history of the case demonstrates, and as the docket sheet (which contains more than 425 entries) will confirm, this case has been subject to extensive, thorough, and protracted pretrial litigation for an extended period of time.  Despite that, however, until very recently the

parties have neglected to bring directly before the Court an issue that is crucial both to the rights of the parties and to determining the nature and length of the trial—that is, whether or not Plaintiffs' alleged actual guilt of the underlying crime of murder is a defense to their malicious prosecution claim under § 1983. At the pretrial conference held on September 23, 2010, the parties made clear that if the Court considers actual guilt to be a defense to malicious prosecution, then each of the Plaintiff's murder cases will essentially have to be retried, resulting in a civil trial lasting up to five weeks. On the other hand, the parties stated that if guilt is not a defense and only the elements of a § 1983 malicious prosecution claim are at issue, then the case will take two weeks to try.

The parties have obviously known for quite some time that this was an issue that needed to be decided in advance of trial, and which would greatly impact both themselves and the Court. And yet strangely no party has ever filed a written motion asking the Court to decide this important legal issue.[1] Further, at the September 23, 2010 pretrial conference the Court expressly invited the parties to brief this or any other important legal issue prior to trial, but they have declined to do so. However, during the oral argument at that pretrial conference the parties did place the question of

---

[1] Among the arguments that Defendants made in their motion to reconsider the Court's ruling on the admissibility of Plaintiffs' post-arrest polygraphs [Doc. No. 336] was that the polygraphs were relevant to the defense of actual guilt. However, they acknowledged that no federal court has ever held that actual guilt is a defense to a § 1983 malicious prosecution claim, and they argued that the Court should acknowledge the defense because the Restatement (Second) of Torts recognizes the defense with regard to common law malicious prosecution claims. Defendants cited no other authorities in support of their position. In their response [Doc. No. 338] to the motion to reconsider, Plaintiffs opposed the motion on various grounds, but did not directly address the question of whether guilt is a defense to a malicious prosecution claim under § 1983. Only now, in the final days leading up to trial, have the parties made any written arguments regarding guilt as a defense. On October 4, 2010, Plaintiffs filed objections to Defendants Exhibits [Doc. No. 430], in which Plaintiffs argue that certain exhibits are irrelevant because they pertain only to actual guilt, which Plaintiffs argue is not a defense. Defendants responded on October 12, 2010 [Doc. No. 50]. These eleventh hour objections to exhibits aside, no party has filed a motion directly raising the issue of guilt.

the admissibility of evidence of actual guilt squarely before this Court, effectively requesting a ruling on the issue. Thus, it appears that the Court is in the unenviable position of having to decide whether actual guilt is a defense to malicious prosecution under § 1983 with very little substantive briefing by the parties.

## DISCUSSION

**I.     LIABILITY**

Neither Plaintiffs nor Defendants have cited a federal court case that directly addresses the issue of whether actual guilt is an affirmative defense[2] to a § 1983 claim of malicious prosecution. Instead, Defendants have argued that the Court should adopt the defense, which the Restatement (Second) of Torts has espoused as a complete defense to liability for the common law tort of malicious prosecution. Doc. No. 336 at 7-8. Defendants reason that in prior decisions both this Court and the Tenth Circuit turned to the Restatement for aid in interpreting the element of "favorable termination," and therefore they reason that it would be only fair and consistent to adopt the Restatement's position on the affirmative defense of actual guilt as well. Plaintiffs, on the other hand, point out that state common law torts do not strictly define and control their § 1983 counterparts, but merely act as a starting point for analyzing the federal claims. Doc. No. 430 at 14-15.

On this point, the Court agrees with the Plaintiffs. On more than one occasion the Tenth Circuit has made clear that the elements of a common-law tort are merely a starting point for

---

[2] The Court notes that Defendants did not plead the Plaintiffs' actual guilt as an affirmative defense in their Answer to the complaint. However, Plaintiffs have never raised this issue and Plaintiffs do not appear to be unfairly surprised by Defendants' arguments regarding actual guilt, which the Defendants did include in the Pretrial Order. Accordingly, the Court assigns no weight to Defendants' failure to properly plead the defense.

understanding the nearest related constitutional tort; they are not dispositive. Indeed, the Tenth Circuit has recognized this principle specifically with regard to malicious prosecution under § 1983. *See, e.g., Pierce v. Gilchrist*, 359 F.3d 1279, 1285-91 & n. 3 (10th Cir. 2004); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("The cases recognize that evaluations of rights and duties under § 1983 . . . arising as they do under the Fourteenth Amendment to the Constitution of the United States, are often different from counterpart common law actions which arise under state substantive law.") (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)); *Taylor v. Meacham*, 82 F.3d 1556, 1561-62 (10th Cir. 1996) (briefly reciting the elements of the common law tort of malicious prosecution, but quickly turning to constitutional concerns to conclude that the Fourth Amendment would be violated if police knowingly or with reckless disregard included false statements in affidavits that formed the basis for the issuance of warrants). Thus, the fact that actual guilt may be an affirmative defense to the common law tort of malicious prosecution is not determinative of whether the same defense applies to a § 1983 malicious prosecution claim.

Furthermore, it appears to the Court that there are several reasons not to permit the inclusion of actual guilt as a defense to liability for a § 1983 malicious prosecution claim. First, the purpose of § 1983 is to deter public officials from violating constitutional rights. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 685 (1978) (stating that § 1983 should be construed "to give a broad remedy for violations of federally protected civil rights."). To allow actual guilt as a complete defense to liability for a constitutional malicious prosecution claim is tantamount to asserting that constitutional violations can be washed clean if the accused is in fact guilty of the crime of which he is accused. Permitting a public official to escape liability for violating those rights—here, in the form of allegedly coercing statements from witnesses and maliciously abusing legal process—merely because it turns out, in the end, that the target of the investigation was guilty,

would undermine that public policy of deterring unconstitutional conduct. This sort of "ends justifies the means" reasoning is inconsistent with § 1983 constitutional jurisprudence generally, which suggests that coercive and unconstitutional police tactics cannot be excused merely because they lead to truthful confessions, or to the convictions of individuals who have indeed committed the crimes of which they are accused. As this Court has previously pointed out, for example, it has long been clearly established that "the Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the 'strongly felt attitude in our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will.'" *Jackson v. Denno*, 378 U.S. 368, 385-86 (1964) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 206-07 (1960)). *See also Rogers v. Richmond*, 365 U.S. 534, 543-44 (1961) (concluding that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession). All of these opinions suggest that coercive police conduct should not escape constitutional protection merely because it leads to a truthful confession or an accurate conviction of the accused. All accused persons, whether guilty or not, are entitled to the same constitutional protections. Thus, regardless of whether he has committed the crime of which he is accused, an individual's constitutional rights have been infringed upon if law enforcement officers use coercive tactics to obtain evidence to support arrest warrants.

In addition, while it does not appear that any federal court has squarely addressed the issue of whether actual guilt is a complete defense to a § 1983 *malicious prosecution* claim, federal court decisions on closely related constitutional torts suggest that actual guilt it not a proper inquiry

regarding liability under § 1983. For example, in the recent case *White v. McKinley*, 605 F.3d 525 (8th Cir. 2010), the plaintiff was initially convicted but later acquitted of molesting his adopted daughter. White brought a § 1983 action for violation of his due process rights, as well as common law tort claims for false arrest and malicious prosecution. *Id.* at 528 and n. 4. At trial, the district court excluded evidence that would have created a mini-trial on the issue of White's actual guilt of the underlying crime. The Eight Circuit reasoned that "White's actual guilt [] is not the subject of a § 1983 [due process] action. Rather, the question for the jury was whether White received a fair trial." *Id.* at 537. The Third Circuit has held that "[t]he proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). *See also Quinn v. Cain*, 714 F. Supp. 938, 941 (N.D. Ill. 1989) ("Just because a person committed a crime does not mean that the police had probable cause to believe that he did so when they arrested him."). Conversely, many federal courts have held that a plaintiff's acquittal of a crime is not relevant to his claim for false arrest, because the sole issue is whether, based upon facts and circumstances know to them at the time, police had probable cause to arrest him. *See, e.g., Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 255 (1st Cir. 1996); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1184 (5th Cir. 1990); *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990); *Marx v. Gumbiner*, 905 F.2d 1503, 1507 (11th Cir. 1990).

In light of all the foregoing, the Court concludes that it should exclude evidence of Plaintiffs' actual guilt as a complete defense to their § 1983 claims for malicious prosecution and conspiracy.

**II.    DAMAGES**

Although there is no affirmative defense of actual guilt that bars all liability for Section 1983

6

malicious prosecution, the next question is whether evidence of guilt is relevant to evaluating Plaintiffs' damages. Defendants contend that the issue of Plaintiffs' actual guilt is relevant to determining their alleged non-economic damages—specifically, their claim for emotional distress. There is very little authority on the question of whether evidence of guilt or innocence of the underlying crime is admissible on the issue of emotional distress damages. However, at least one federal district court has addressed the issue, and the Court agrees with the conclusions those courts have reached—that is, that actual guilt is relevant to a Section 1983 malicious prosecution plaintiff's emotional distress damages because a person who is guilty of a crime is likely to have suffered less emotional pain and suffering as a result of an arrest without probable cause (as well as a subsequent incarceration and prosecution) than is an innocent person. *See Carter v. City of Philadelphia*, No. 97-CV-4499, 2000 WL 1016653, at *2-3 (E.D. Pa. July 12, 2000) (holding that in a Section 1983 action alleging damages for malicious prosecution and wrongful imprisonment, "the issue of whether or not a civil plaintiff committed the underlying criminal act is central to the measure of damages," because it "bears on the emotional damage he may have suffered during his imprisonment"). *Cf. Limone v. United States*, 497 F. Supp. 2d 143, 243 (D. Mass. 2007) (noting the difficulty of quantifying the losses suffered by plaintiffs, innocent men who had been wrongly prosecuted, wrongly convicted, and wrongly incarcerated due to defendants' misconduct, and awarding damages against defendants under Section 1983 and Massachusetts state law). Thus, evidence of Plaintiffs' actual guilt is admissible at trial because it is relevant to the jury's assessment of the extent of Plaintiffs' damages for emotional distress.

In light of the foregoing, the Court concludes that evidence of Plaintiffs' alleged guilt of the underlying murders is relevant and therefore admissible on the issue of their emotional distress damages only.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**